# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CLAUDE ALEX LUCERO,

    Petitioner,

v.              No. CIV 05-305 MV/LFG

JAMES JANECKA, Warden,

    Respondent.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1.  This is a proceeding on a petition for writ of habeas corpus under 28 U.S.C. § 2254, filed March 21, 2005.  [Doc. 1].  On April 19, 2005, Respondent filed his Answer [Doc. 10] and a Motion to Dismiss with accompanying brief.  [Doc. Nos. 9, 10, 11.]  Petitioner Claude Alex Lucero ("Lucero") currently is confined at the Lea County Corrections Facility in Hobbs, New Mexico.

2.  On December 15, 1998, a jury convicted Lucero of possession of a deadly weapon by a prisoner, in violation of NMSA 1978 § 30-22-16 (1986).  State v. Lucero, 130 N.M. 676, 676 (2001), *reh'g denied,* Aug. 24, 2001.  A Judgment, Sentence and Commitment was entered on

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

January 20, 1999 and a later Stipulated Order Reinstating Guilty Verdict and Judgment, Sentence and Commitment was filed January 3, 2002.  [Doc. No. 11, Exhs. A, W.]  Lucero was sentenced to a total of nine years, "consecutive to all other sentences previously imposed."  [Doc. No. 11, Ex. A.][2]

3.      In his federal habeas petition, Lucero sets forth a single claim of ineffective assistance of trial counsel, based on three arguments: (1) failure to object to a defect in the jury instructions given at his trial; (2) failure to request a lesser included instruction as to possession of contraband by a prisoner; and (3) untimely filing of his motion for a new trial.  [Doc. No. 1, p. 6.]

4.      Respondent argues that Lucero's petition is time-barred because it was filed significantly outside the one-year limitation period provided by the Antiterrorism and Effective Death Penalty Act (AEDPA).  [Doc. Nos. 11, 12.]  Alternatively, Respondent asserts that Lucero failed to state a meritorious constitutional claim on any of the issues contained in his petition.  Additionally, Respondent contends that Lucero appears to have procedurally defaulted on the first claim of ineffective assistance of counsel.  Finally, Respondent claims that if Lucero's petition is not dismissed with prejudice for any or all of the foregoing reasons, it should be dismissed without prejudice because it is a mixed petition based on Lucero's failure to exhaust his second and possibly third ineffective assistance of counsel claims.

5.      Lucero failed to file a response to Respondent's Motion to Dismiss.  On May 12, 2005, the Court issued an Order to Show Cause requiring Lucero to submit a response to the Motion to Dismiss and advising him that the failure to file any opposition to the motion could result in the Court granting the motion.  [Doc. No. 12.]  On May 31, 2005, Lucero filed a response arguing

---

[2]A more detailed chronology of the procedural background is set forth below in addressing the statute of limitations argument.

primarily that his petition is not time-barred because he "was prevented from filing petition by state action (the New Mexico Correctional Department in Southern Correctional facility) had me locked down so I was unable to file section 2244 of Title 28 United States Code - (B) . . . ."  Lucero further asserts that his "access to the Court was impeded because of the lock down status and I did not have access to prison law library and/or access to case law in prison law library."  [Doc. No. 13.]  The remainder of Lucero's response argues the merits of the ineffective assistance of counsel claim(s) but concedes that he did not exhaust the second of his three ineffective assistance claims.

## Procedural History

6.      The Court sets forth the following timeline in order to evaluate Respondent's argument that Lucero's § 2254 petition was filed well outside the one-year limitations period.  The chronology is taken from the pleadings attached to Respondent's Answer.  [Doc. No. 11, Exhs. A-Z, AA-II.]

| | | |
|---|---|---|
| a. | December 18, 1998: | Lucero was convicted by a jury. |
| b. | January 19, 1999: | Lucero filed a Motion for New Trial based on a recent New Mexico state court decision regarding a pertinent jury instruction given at Lucero's trial. |
| c. | January 20, 1999: | Sentence and Judgment was filed. |
| d. | February 12, 1999: | State Court granted Lucero's motion for new trial based on the recent New Mexico decision. |
| e. | February 25, 1999: | State Court enters Order granting the motion for new trial and vacating the January 20, 1999 Sentence and Judgment. |
| f. | March 5, 1999: | The State appealed the decision granting a new trial. |

g.  October 29, 1999:   New Mexico Court of Appeals reversed the Order granting the new trial and remanded for reinstatement of the jury's verdict and entry of judgment.

h.  November 18, 1999:   Lucero filed a Petition for Writ of Certiorari

i.  January 31, 2000:   The Petition was granted and the Writ issued and served. Briefing ensued.

j.  August 1, 2001:   New Mexico Supreme Court affirmed Court of Appeals decision but on different grounds, finding that Lucero's motion for new trial was filed too late under the applicable rules.

k.  August 16, 2001:   Lucero moved for a re-hearing.

l.  August 24, 2001:   The Court denied his request for re-hearing.

m.  August 24, 2001:   The Court issued a mandate to reinstate verdict and enter judgment and sentence.

n.  January 3, 2001:   The parties file a Stipulated Order reinstating guilty verdict, judgment and sentence, resulting in the reinstatement of the January 20, 1999 sentence and judgment.

o.  January 16, 2001:   Lucero appealed.

p.  May 13, 2002:   New Mexico Court of Appeals affirmed conviction.

q.  May 31, 2002:   Lucero filed a Petition for Writ of Certiorari.

r.  June 26, 2002:   New Mexico Supreme Court denied his petition.

s.  July 25, 2002:   State Supreme Court issued mandate.

t.  Sept. 4, 2003:   Lucero filed a state habeas petition (the petition shows file date stamps of both September 4 and 5, 2003).

u.  October 3, 2003:   State Court denied the state habeas petition, finding that Lucero provided boilerplate arguments that did not warrant grounds for relief.

4

v.      November 12, 2003:   Lucero filed a petition for writ of certiorari.

w.      March 22, 2004:       New Mexico Supreme Court denied petition.

x.      March 21, 2005:       Lucero filed a federal writ of habeas corpus [Doc. No. 1.]

<u>Analysis</u>

7.      The provisions of AEDPA, Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C. § 2244(d)), amended federal habeas corpus procedures by adding a one-year limitations period for § 2254 petitions.  <u>Pliler v. Ford</u>, 542 U.S. 225, 224 S.Ct. 2441, 2445 (2004).  AEDPA became effective on April 24, 1996.  *See* <u>Rogers v. Gibson</u>, 173 F.3d 1278, 1282 n. 1 (10th Cir. 1999), *cert. denied,* 528 U.S. 1120 (2000).  Lucero was convicted and sentenced after this date, and his federal habeas petition is therefore subject to AEDPA's one-year limitation period.

8.      28 U.S.C. § 2244(d)(1)(A) provides that the one-year limitations period begins to run from the date on which the judgment of conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."

9.      However, the AEDPA one-year limitations period is subject to the tolling as set forth in 28 U.S.C. § 2244(d)(2): "[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   The Tenth Circuit has determined that the pendency of a state post-conviction application "encompasses all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies." <u>Barnett v. LeMaster</u>, 167 F.3d 1321, 1323 (10th Cir.1999).  "[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations

5

period is tolled during the period in which the petitioner *could have* sought an appeal under state law." Serrano v. Williams, 383 F.3d 1181, 1184 (10th Cir. 2004) (internal citation omitted) (emphasis in original).

10.     Tenth Circuit precedent also provides that AEDPA's one-year limitation period begins to run at the expiration of the 90-day period for seeking certiorari. Johnson v. Saffle, 12 Fed. Appx. 864, 2001 WL 661144 (10th Cir. June 13, 2001); United States v. Burch, 202 F.3d 1274, 1279 (10th Cir. 2000).

11.     In Lucero's case, the original January 20, 1999 sentence and judgment was reinstated and final as of January 3, 2002. The appeals process then tolled Lucero's AEDPA limitations period through June 26, 2002, the date the New Mexico Supreme Court entered its order denying his petition for writ of certiorari.[3]   The period was further tolled 90 days for seeking certiorari with the United States Supreme Court. Thus, Lucero's one-year limitations period began to run on September 24, 2002, 90 days after June 26, 2002.

12.     The time between September 24, 2002 and September 4, 2003 (when Lucero filed his state habeas petition) is counted against his one-year limitation period. Thus, he used 345 of his 365 day period. The time is again tolled between September 4, 2003, when Lucero filed his state habeas petition, and March 22, 2004, the date the New Mexico Supreme Court denied his petition for writ of certiorari. From March 22, 2004 until March 21, 2005, when Lucero filed his federal habeas

---

[3]The time is tolled through the New Mexico Supreme Court's June 26, 2002 Order rather than its July 25, 2002 Mandate. *See* United States v. Richardson, 215 F.3d 1338 (Table, Text in Westlaw), 2000 WL 676009 at *1, n. 1 (10th Cir. May 24, 2000) ("The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance of the mandate.") (*citing* Sup. Ct. R. 13.3), *cert. denied*, 531 U.S. 971 (2000). *See also* Serrano v. Williams, 383 F.3d 1181, 1184-85 (10th Cir. 2004) (mandates generally do not issue upon a denial of a petition for a writ of certiorari, and therefore, the petitioner could not claim period of 15-days for issuance of a mandate).

6

petition, he used another 364 days.  In sum, Lucero used a total of 709 days, well over the one-year

period limitations period.  Accordingly, the Court finds that his federal habeas petition is untimely

under the AEDPA limitations period.

13.     In Lucero's response to the motion to dismiss, he does not deny the Respondent's

position that his federal habeas position was filed well outside the one-year limitations period.

Instead, Lucero requests equitable tolling of the limitations bar based on allegations that he was in

lockdown and could not access the prison's law library.

14.     The Tenth Circuit has recognized equitable tolling, but only in "rare and exceptional

circumstances." York v. Galetka, 314 F.3d 522, 527 (10th Cir.2003).  *See, e.g.,* Boyd v. Ward, 2002

WL 31772012 (10th Cir. Dec. 12, 2002) (equitable tolling available only in "rare and exceptional

circumstances" and where inmate "diligently pursued his claims and demonstrated that the failure to

timely file was caused by extraordinary circumstances beyond his control") (internal citations

omitted), *cert. denied,* 539 U.S. 917 (2003).  For example, courts have applied equitable tolling

when: (1) "a constitutional violation has resulted in the conviction of one who is actually innocent or

incompetent," (2) "an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner

from timely filing," or (3) "a prisoner actively pursues judicial remedies but files a defective pleading

during the statutory period...."  Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S.

891 (1998); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted).

15.     To justify equitable tolling, Lucero has the burden of demonstrating that his failure to

timely file was caused by extraordinary circumstances that stood in his way.  Pace v. DiGuglielmo,

__ U.S. __, 125 S.Ct. 1807, 1814 (2005).  *See also* Marr, 141 F.3d at 978 (refusing to apply

equitable tolling where petitioner provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims).

16.     Here, Lucero has failed to satisfy his burden of demonstrating the "rare and exceptional circumstances" that would warrant the application of equitable tolling.  First, none of the three examples of "rare and exceptional circumstances" (set forth *supra*) have been demonstrated. Second, Lucero has failed to show what steps he took to diligently pursue his federal habeas claim. *See* Marr, 141 F.3d at 978.  His failure to do so is particularly damaging since he was not just days or months late in filing his federal habeas petition, but almost an entire year too late.

17.     Lucero's response to the motion to dismiss summarily, and without any specificity, states he was locked down and therefore, unable to file a timely petition.  Lucero provides no dates of when he was in lock down, nor does he assert that he was in lock down for almost an entire year. It is highly doubtful that Lucero was placed in lock down and/or denied legal access for close to the entire year that might account for his delay in filing.  *See, e.g.,* Klinger, 232 F.3d at 808 (bare claim of insufficient access to relevant law is not enough to warrant application of equitable tolling); Marr, 141 F.3d at 978 (same); Saffle, 12 Fed. Appx. 864, 2001 WL 661144 at *3 (inability to access legal materials for 30 days does not meet threshold of "rare and exceptional circumstances")  In sum, Lucero failed to offer an adequate and specific explanation for his delay sufficient to justify equitable tolling.

18.     For the reasons stated above, the Court finds that there are no grounds for equitable tolling and that accordingly, Lucero's § 2254 petition is time-barred.

**<u>Recommended Disposition</u>**

That Lucero's § 2254 Petition [Doc. No. 1] be denied and that the action be dismissed
with prejudice.

<u>Lorenzo F. Garcia</u>
Lorenzo F. Garcia
Chief United States Magistrate Judge

9